<div style="text-align:center;color:red">CORRECTED</div>

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0012V

| | |
|---|---|
| DARCY CYR,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: January 14, 2025 |

*Renee J. Gentry*, The Law Office of Renee J. Gentry, Washington, DC, for Petitioner.

*Mary Novakovic*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 4, 2021, Darcy Cyr filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza vaccine she received on October 30, 2018. Petition at 1. On February 6, 2024, I issued a decision awarding damages to Petitioner, following briefing and expedited Motions Day argument by the parties. ECF No. 45.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On September 3, 2024, Petitioner filed a motion for leave to file out of time an attached application for attorney's fees and costs, requesting an award of $30,011.00 (representing $29,391.89 for fees and $619.20 for costs). ECF No. 52. In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. ECF No. 52-2.

Respondent reacted to the motion on September 13, 2024, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 53. Petitioner has not filed a reply.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, for the reason stated below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours

2

that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## TIMELINESS OF MOTION

Vaccine Rule 13 provides that a request for fees and costs must be filed no later than 180 days after judgment is entered. RCFC, Vaccine Rule 13(a). In this case, Judgment was entered on February 2, 2024, making Petitioner's motion due on or before August 22, 2024. But Petitioner filed her motion on September 3, 2024 – *12 days past the required deadline.* When requesting that I allow the untimely request, Petitioner did not provide a reason for the delay. Still, given the short amount of time involved, I will not, due to this oversight, reduce the amount of attorney's fees and costs award. However, counsel should not expect the same leniency for future fees requests. Any future requests for fees and costs that are untimely filed, or requests for extensions that *themselves* are untimely, will be denied, or at least result in a curtailed award.

## ATTORNEY FEES

The rates requested for work performed through the end of 2024 are reasonable and consistent with our prior determinations, and will therefore be adopted. However, a few of the tasks performed by Ms. Gentry are more properly billed using a paralegal rate.[3] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009).  "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). **This reduces the amount of fees to be awarded by $641.20.[4]**

---

[3] These entries, drafting basic documents are dated as follows: 3/31/2021, 4/6/2021, 5//3/2022, 7/25/2022, 2/8/2024, 2/21/2024, and 2/22/2021. ECF No. 52-2 at 4-5, 9, 11, 14. Although I am reducing the hourly rate in this case, due in part to the greater amount of time billed for each task – further confirming that a lower hourly rate is appropriate, I may allow attorney rate billing in the future if the task is performed more efficiently.

[4] This amount consists of ($489 - $172) x 0.6 hrs. + ($504 - $177) x 0.6 hrs. + ($561 - $197) x 0.7 hrs. = $641.20.

3

Regarding the hours billed, I note this case required additional briefing and argument regarding damages. *See* Status Report, filed Sept. 26, 2022, ECF No. 35 (reporting an impasse in settlement discussions); Petitioner's Motion for Finding of Facts and Conclusions of Law Regarding Damages, filed Jan. 9, 2023, ECF No. 37; Petitioner Reply Brief in Support of Motion, Mar. 26, 2023, ECF No. 40, Minute Entry, dated Jan. 17, 2024 (regarding Expedited Motions Day Hearing on January 9, 2024). Petitioner's counsel expended approximately 5.5 hours drafting the damages brief and 3.0 hours drafting the reply damages brief, for a combined total of 8.5 hours. ECF No. 52-2 at 7-8. I find this time to have been reasonably incurred. (And all time billed to the matter was also reasonably incurred.)

## ATTORNEY COSTS

Furthermore, Petitioner has provided supporting documentation for all claimed costs, ECF No. 52-2 at 19-34. And Respondent offered no specific objection to the rates or amounts sought. I have reviewed the requested costs and find them to be reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). **I award a total of $29,369.80 (representing $28,750.20 for fees and $619.20 for costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

                                                    **s/Brian H. Corcoran**
                                                    Brian H. Corcoran
                                                    Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.